1   Eric J. Gitig (SBN 307547)
    Eric.Gitig@jacksonlewis.com
2   JACKSON LEWIS P.C.
    725 South Figueroa Street, Suite 2500
3   Los Angeles, California 90017-5408
    Telephone: (213) 689-0404
4   Facsimile: (213) 689-0430

5   Kevin Ha (State Bar No. 322252)
    Kevin.Ha@jacksonlewis.com
6   JACKSON LEWIS P.C.
    50 California Street, 9th Floor
7   San Francisco, California 94111-4615
    Telephone:  (415) 394-9400
8   Facsimile:  (415) 394-9401

9   Attorneys for Defendant
    PHARMACA INTEGRATIVE
10  PHARMACY, INC.

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14  KRIS GUERRA, individually and on behalf of      Case No.
    all others similarly situated,
15                                                  **DECLARATION OF ERIC J. GITIG**
                        Plaintiff,                  **IN SUPPORT OF DEFENDANT**
16                                                  **PHARMACA INTEGRATIVE**
            vs.                                     **PHARMACY, INC.'S NOTICE OF**
17                                                  **REMOVAL**
    PHARMACA INTEGRATIVE PHARMACY,
18  INC.; and Does 1 through 20, inclusive,
                                                    Complaint Filed:   April 15, 2022
19                      Defendant.                  Trial Date:        Not set

20

21

22

23

24

25

26

27

28

                                       1

1

2      I, ERIC J. GITIG, declare as follows:

3          1.      I am an attorney admitted to practice before all courts of the State of California and

4   before this Court. I am a Principal with the law firm Jackson Lewis P.C., counsel of record for

5   Defendant Pharmaca Integrative Pharmacy, Inc. ("Defendant"). I make the following declaration

6   based on personal knowledge, unless otherwise stated, and on my review of and familiarity with

7   Defendant's files and documents in the above-captioned matter.  If called as a witness, I could and

8   would competently testify to the facts contained herein.  I submit this declaration in support of

9   Defendant's Notice of Removal.

10         2.      Attached hereto as **Exhibit A** are true and correct copies of Plaintiff Kris Guerra's

11  ("Plaintiff") Summons, Complaint, Civil Case Cover Sheet, and related court documents filed in the

12  Superior Court of the State of California for the County of Santa Clara and served on Defendant on

13  May 6, 2022.

14         3.      Attached hereto as **Exhibit B** is a true and correct copy of Defendant's Answer to

15  Plaintiff's Complaint filed in the Superior Court of the State of California for the County of Santa

16  Clara on June 1, 2022.

17         4.      To the best of my knowledge and based on information and belief, **Exhibits A**

18  and **B** constitute all of the pleadings received or filed by Defendant in state court.

19         5.      I am not aware of any individual or entity being substituted in as a Doe defendant

20  in the state court action.

21         I declare under penalty of perjury under the laws of the State of California and the United

22  States of America that the foregoing is true and correct.

23         Executed this 3rd day of June, 2022, at Los Angeles, California.

24

25                                  _____*/s/ Eric J. Gitig*_____
                                    ERIC J. GITIG
26
    4859-0001-6419, v. 2
27

28

Declaration of Eric J. Gitig ISO Defendant's Notice of            Case No
Removal

# Exhibit A

 ® Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/06/2022
CT Log Number 541532439

## Service of Process Transmittal Summary

**TO:**  Shantel Mcmeekin
PHARMACA INTEGRATIVE PHARMACY, INC.
4940 Pearl East Cir Ste 301
Boulder, CO 80301-2442

**RE:**  **Process Served in California**

**FOR:**  Pharmaca Integrative Pharmacy, Inc.  (Domestic State: DE)
According to our records representation services for this entity have been discontinued in this jurisdiction.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Kris Guerra,individually and on behalfof all others similarly situated // To: Pharmaca Integrative Pharmacy, Inc. |
| **CASE #:** | 22CV396906 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/06/2022 at 12:10 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Shantel Mcmeekin  smcmeekin@pharmaca.com |
| | Email Notification,  Shantel Mcmeekin  smcmeekin@pharmaca.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |
| **REMARKS:** | ACCORDING TO THE RECORDS OF THE CALIFORNIA SECRETARY OF STATE THIS ENTITY IS ACTIVE AND CT IS AGENT. |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Fri, May 6, 2022
**Server Name:**                       Brandon Yadegar

| Entity Served | PHARMACA INTEGRATIVE PHARMACY, INC. |
|---|---|
| Case Number | 22CV396906 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Pharmaca Integrative Pharmacy, Inc; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kris Guerra, individually and on behalf of all others similarly situated

E-FILED
4/15/2022 8:35 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV396906
Reviewed By: R. Walker
Envelope: 8759828

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*

22CV396906

Downtown Superior Court
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan M. Lebe, Lebe Law, APLC, 777 S Alameda Street, Los Angeles, CA 90021

DATE: 4/15/2022 8:35 AM       Clerk of Court       Clerk, by       R. Walker       , Deputy
*(Fecha)*                                          *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*   Pharmaca Integrative Pharmacy, Inc.

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

E-FILED
4/15/2022 8:35 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV396906
Reviewed By: R. Walker

1  Jonathan M. Lebe (State Bar No. 284605)
   Jon@lebelaw.com
2  Zachary T. Gershman (State Bar No. 328004)
   Zachary@lebelaw.com
3  Shigufa K. Saleheen (State Bar No. 341013)
   Shigufa@lebelaw.com
4  **LEBE LAW, APLC**
   777 S. Alameda Street, Second Floor
5  Los Angeles, CA 90021
   Telephone: (213) 444-1973
6

7  Attorneys for Plaintiff Kris Guerra,
   individually and on behalf of all others similarly situated
8

9

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF LOS ANGELES**

12                                              22CV396906

13  Kris Guerra, individually and on behalf of          Case No.
    all others similarly situated,
14                                              **CLASS ACTION COMPLAINT FOR:**

15          Plaintiff,
                                                1.  **Failure to Pay Minimum Wages;**
16      vs.                                     2.  **Failure to Pay Overtime Wages;**
                                                3.  **Failure to Provide Meal Periods;**
17  Pharmaca Integrative Pharmacy, Inc.; and    4.  **Failure to Permit Rest Breaks;**
    Does 1 through 20, inclusive,               5.  **Failure to Provide Accurate Itemized**
18                                                  **Wage Statements;**
            Defendant.                          6.  **Failure to Reimburse All Business**
19                                                  **Expenses;**
                                                7.  **Failure to Pay All Wages Due Upon**
20                                                  **Termination/Separation of Employment;**
                                                8.  **Violation of Business and Professions**
21                                                  **Code §§ 17200, *et seq.*; and**
                                                9.  **Failure to Timely Produce all Personnel**
22                                                  **Records**

23

24                                              **DEMAND FOR JURY TRIAL**

25

26

27

28

                        CLASS ACTION COMPLAINT

Plaintiff Kris Guerra, individually and on behalf of others similarly situated, alleges as follows:

### NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff Kris Guerra ("Plaintiff") brings this putative class action against defendant Pharmaca Integrative Pharmacy, Inc., and DOES 1 through 20, inclusive ("Defendant"), on behalf of himself individually and a putative class of other non-exempt employees employed by Defendant.

2.      Defendant operates a chain of pharmacies across the United States, with 16 locations in California.

3.      Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant has increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to pay minimum wages;

(b) Failing to pay overtime wages;

(c) Failing to provide meal periods or compensation in lieu thereof;

(d) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(e) Failing to provide accurate itemized wage statements;

(f) Failing to reimburse for all business expenses;

(g) Failing to pay all wages due upon termination/separation of employment; and

(h) Failing to produce all employment records upon request.

5.      Defendants maintained and enforced against the class the following unlawful practices and policies, in violation of California state wage and hour laws:

(a) Since approximately March of 2020, Defendant's forced class members to submit to unpaid health screenings and temperature checks prior to their shifts.

(b) Although class members were under Defendant's control while waiting for and undergoing these health screenings, Defendant did not compensate class members for this time worked.

(c) Defendant more generally failed to provide meal and rest in violation of California law.  Based on the lack of proper coverage within store locations, Defendants' requirements to be responsive to communication devices, and the necessity to be available to assist incoming customers, Plaintiff and Class Members were not able to take required off-duty meal periods during their shifts.  Further, when Class Members suffered meal and rest period violations, Defendant failed to pay an additional hour of pay at the regular rate of pay to Class Members.

(d) Defendant failed to reimburse Plaintiff and class members for all business expenses, including but not limited to the use of their personal cell phones for business related duties.

(e) Defendant failed to pay the proper overtime rate by failing to include shift premiums and differentials, bonuses, and other incentive payments in calculating Class Members' overtime and doubletime rates (in violation of Labor Code Sections 510, 1194, and 1198).  Defendant also failed to pay Class Members' overtime wages for all overtime hours worked when they required them to work off-the-clock.

(f) Defendant failed to reimburse Plaintiff and Class Members for the use of their personal cell phone for work-related duties, as well as for all reasonable, business-related automobile expenses.

6.      Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1198.

///

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

7.     This is a class action, pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

8.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

9.     This Court has jurisdiction over all Defendant because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.  Moreover, the "amount in controversy" for the named Plaintiff including, but not limited to, claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than $75,000.

10.     Venue is proper in this Court because, upon information and belief, Defendant transacts business, has stores/offices in this county, and acts and omissions alleged herein took place in this county.  Further, Defendant failed to file and obtain a certificate of qualification and designate its principal place of business in California.  As a foreign corporation that is not qualified to do business in California, it may be sued in any county in the state.  *Easton v. Superior Court*, 12 CA3d 243, 90 CR 642 (1970).

**THE PARTIES**

11.     Plaintiff is a citizen of California.  Plaintiff was employed by Defendant during the Class Period in California.

12.     Plaintiff is informed and believes, and thereon alleges, that Defendant at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

-3-

13. Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

15. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

16. Plaintiff's proposed Class consists of and is defined as follows:

Class
All current and former non-exempt employees who worked for Defendants in the State of California from four years and 179 days preceding the filing of to the date of trial.[1]

17. Members of the Class will be collectively referred to as "class members." Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

18. This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

    (a) Whether Defendant failed to compensate Plaintiff and class members to work off-the-clock, resulting in a failure to pay all minimum wages and overtime wages;

    (b) Whether Defendant deprived Plaintiff and class members of compliant meal

---

[1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

periods or required Plaintiff and class members to work through meal periods without compensation;

(c) Whether Defendants deprived Plaintiff and class members of compliant rest breaks;

(d) Whether Defendant failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

(e) Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements;

(f) Whether Defendants failed to reimburse Plaintiff and class members for necessary business expenses incurred during the discharge of their duties for Defendant; and

(g) Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

19. There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) Adequacy: Plaintiff is qualified to, and will fairly and adequately represent

-5-

1    and protect the interests of all members of the Class because it is in his best

2    interest to prosecute the claims alleged herein to obtain full compensation

3    and penalties due to him and the Class.  Plaintiff's attorneys, as proposed

4    class counsel, are competent and experienced in litigating large

5    employment class actions and are versed in the rules governing class action

6    discovery, certification and settlement.  Plaintiff has incurred and,

7    throughout the duration of this action, will continue to incur attorneys' fees

8    and costs that have been and will be necessarily expended for the

9    prosecution of this action for the substantial benefit of each class member.

10   (d)  Superiority: The nature of this action makes the use of class action

11   adjudication superior to other methods.  A class action will achieve

12   economies of time, effort and expense as compared with separate lawsuits,

13   and will avoid inconsistent outcomes because the same issues can be

14   adjudicated in the same manner and at the same time for each Class.  If

15   appropriate this Court can, and is empowered to, fashion methods to

16   efficiently manage this case as a class action.

17   (e)  Public Policy Considerations:  Employers in the State of California and

18   other states violate employment and labor laws every day.  Current

19   employees are often afraid to assert their rights out of fear of direct or

20   indirect retaliation.  Former employees are fearful of bringing actions

21   because they believe their former employers might damage their future

22   endeavors through negative references and/or other means.  Class actions

23   provide the class members who are not named in the complaint with a

24   type of anonymity that allows for the vindication of their rights at the

25   same time as affording them privacy protections.

26   ///

27   ///

28   ///

-6-

## **FIRST CAUSE OF ACTION**

## **FAILURE TO PAY MINIMUM WAGES**

### **(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)**

20.     Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

21.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

22.     During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to work off-the-clock during meal breaks and during health screenings when Plaintiff and class members were under Defendants' control.  To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and class members were not being paid at least minimum wage for their work.

23.     During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

24.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

25.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

///

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order)

26.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

27.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

28.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with doubletime after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

29.     Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

30.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned as alleged above.

31.     Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime and doubletime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

32.     Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid overtime and doubletime compensation as well as interest, costs and attorneys' fees.

///

///

1

## THIRD CAUSE OF ACTION

2

## FAILURE TO PROVIDE MEAL PERIODS

3

### (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)

4      33.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

5  though fully set forth herein.

6      34.     Labor Code § 226.7 provides that no employer shall require an employee to work

7  during any meal period mandated by the IWC Wage Orders.

8      35.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ

9  any person for a work period of more than five (5) hours without a meal period of not less than

10  30 minutes, except that when a work period of not more than six (6) hours will complete the

11  day's work the meal period may be waived by mutual consent of the employer and the

12  employee."

13      36.     Labor Code § 512(a) provides that an employer may not require, cause or permit

14  an employee to work for a period of more than five (5) hours per day without providing the

15  employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

16  the total work period per day of the employee is not more than six (6) hours, the meal period

17  may be waived by mutual consent of both the employer and the employee.

18      37.     Labor Code § 512(a) also provides that an employer may not employ an

19  employee for a work period of more than ten (10) hours per day without providing the employee

20  with a second meal period of not less than thirty (30) minutes, except that if the total hours

21  worked is no more than twelve (12) hours, the second meal period may be waived by mutual

22  consent of the employer and the employee only if the first meal period was not waived.

23      38.     During the relevant time period, Plaintiff and class members did not receive

24  compliant meal periods for each five hours worked per day as a result of, among other things,

25  lack of proper coverage during these employees' shifts.  Defendants have also required class

26  members to be "on duty" during meal and rest periods such that they have not been provided

27  with legally compliant meal and rest periods under California law.  Finally, Defendants also

28  routinely failed to provide Plaintiff and class members with a second, off-the-clock meal break

-9-

for shifts lasting longer than ten hours.

39.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

40.     At all relevant times, Defendants failed to pay Plaintiff and class members all meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

41.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION

## FAILURE TO PERMIT REST BREAKS

### (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)

42.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

43.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

44.     Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

45.     During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.

46.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

47.     At all relevant times, Defendants failed to pay Plaintiff and class members all

-10-

1    rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and

2    section 12 of the applicable IWC Wage Order.

3        48.    As a result of Defendants' failure to pay Plaintiff and class members an

4    additional hour of pay for each day a rest period was not provided, Plaintiff and class members

5    suffered and continue to suffer a loss of wages and compensation.

6                    **FIFTH CAUSE OF ACTION**

7        **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

8          **(Violation of Labor Code § 226; Violation of IWC Wage Order)**

9        49.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

10    though fully set forth herein.

11        50.    Labor Code § 226(a) requires Defendants to provide each employee with an

12    accurate wage statement in writing showing nine pieces of information, including: (1) gross

13    wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

14    earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

15    deductions, provided that all deductions made on written orders of the employee may be

16    aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period

17    for which the employee is paid, (7) the name of the employee and the last four digits of his or

18    her social security number or an employee identification number other than a social security

19    number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

20    hourly rates in effect during the pay period and the corresponding number of hours worked at

21    each hourly rate by the employee.

22        51.    During the relevant time period, Defendants have knowingly and intentionally

23    failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

24    and class members.  The deficiencies include, among other things, the failure to correctly state

25    the gross and net wages earned, accurate inclusive dates of the pay period, and all applicable

26    hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class

27    members.

28        52.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

53.     California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

54.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

55.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

### (Violation of Labor Code §§ 2800, 2802, and the Applicable IWC Wage Order § 9)

56.     Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

-12-

57.     Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

58.     Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

59.     Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

60.     The Applicable IWC Wage Order § 9 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . ."

61.     California Labor Code section 2804 mandates that this statutory right cannot be waived.

62.     During the relevant time period, Defendant was required to indemnify and reimburse Plaintiff and members of the Plaintiff Class for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and members of the Plaintiff Class.

63.     As a direct and proximate result, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial. For example, Defendant has failed to reimburse Plaintiff and class members for all reasonable, business-related automobile expenses, as well as the use of their personal cell phones for work-related duties.

64.     Accordingly, Plaintiff and members of the Plaintiff Class are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this

-13-

1  Court may deem just and proper. *See* Cal. Lab. Code § 2802, *see also*, Cal. Civ. Proc. Code §

2  1021.5.

3       65.     Plaintiff, on behalf of himself and members of the Plaintiff Class, requests relief

4  as described below.

5  **SEVENTH CAUSE OF ACTION**

6  **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION/SEPARATION OF**

7  **EMPLOYMENT AND WITHIN THE REQUIRED TIME**

8  **(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

9       66.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

10  though fully set forth herein.

11       67.     California Labor Code §§ 201 and 202 provide that if an employer discharges an

12  employee, the wages earned and unpaid at the time of discharge are due and payable

13  immediately, and that if an employee voluntarily leaves his employment, his wages shall

14  become due and payable not later than seventy-two (72) hours thereafter, unless the employee

15  has given seventy-two (72) hours previous notice of his intention to quit, in which case the

16  employee is entitled to his wages at the time of quitting.

17       68.     During the relevant time period, Defendants willfully failed to pay Plaintiff and

18  class members all their earned wages upon termination including, but not limited to, proper

19  minimum wages, Reporting Time Pay, and overtime and doubletime compensation, either at

20  the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

21       69.     Defendants' failure to pay Plaintiff and class members all their earned wages at

22  the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is

23  in violation of Labor Code §§ 201 and 202.

24       70.     California Labor Code § 203 provides that if an employer willfully fails to pay

25  wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201

26  and 202, then the wages of the employee shall continue as a penalty from the due date at the

27  same rate until paid or until an action is commenced; but the wages shall not continue for more

28  than thirty (30) days.

71.     Plaintiff and class members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and class members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

74.     Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

75.     A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

76.     Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay all minimum wages owed to Plaintiff and class members in violation of Labor Code §§ 1194.2, and 1197;

(b)     Failing to pay all overtime wages to Plaintiff and class members in violation of Labor Code §§ 510, 1194 and 1198;

(c)     Failing to provide timely meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(d)     Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

1    (e)    Failing to provide Plaintiff and class members with accurate itemized wage

2    statements in violation of Labor Code § 226; and

3    (e)    Failing to timely pay all earned wages to Plaintiff and class members upon

4    termination/separation of employment in violation of Labor Code §§ 201, 202 and 203.

5    77.    Defendants intentionally avoided paying Plaintiff and class members' wages and

6    monies, thereby creating for Defendants an artificially lower cost of doing business in order to

7    undercut their competitors and establish and gain a greater foothold in the marketplace.

8    78.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class

9    members are entitled to restitution of the wages unlawfully withheld and retained by

10   Defendants during a period that commences four years prior to the filing of the Complaint; an

11   award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable

12   laws; and an award of costs.

13                          **NINTH CAUSE OF ACTION**

14             **FAILURE TO TIMELY PRODUCE ALL PERSONNEL RECORDS**

15   79.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

16   though fully set forth herein.

17   80.    An employee's personnel records must be produced to the employee no later than

18   thirty calendar days after receiving a written request from the employee.  (Labor Code §

19   1198.5(b)(1).)

20   81.    Employers must keep copies an employee's wage statements in the employee's

21   personnel file.  (Labor Code § 226(a).)

22   82.    Employers who fail to timely produce the personnel records of a current or former

23   employee are subject to a $750 penalty recoverable by the aggrieved employee.  (Labor Code §

24   1198.5(k).)

25   83.    Employees may bring an action for relief to obtain compliance with Labor Code §

26   1198.5 and may recover costs and reasonable attorney's fees in that action.  (Labor Code §

27   1198.5(l).)

28   84.    On or about January 12, 2022, Plaintiff requested, through his counsel, his

-16-

1   personnel records and wage statements from Defendants.  Defendants never produced to Plaintiff
2   her personnel records and wage statements within thirty days of Plaintiff's request.

3       85.      As a result, Plaintiff, individually, requests relief as described below.

4                              **<u>PRAYER FOR RELIEF</u>**

5       Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief
6   and judgment against Defendants, jointly and severally, as follows:

7       1.      For certification of this action as a class action, including certifying the Class
8   and Subclass alleged by Plaintiff;

9       2.      For appointment of Kris Guerra as the class representatives;

10      3.      For appointment of Lebe Law, APLC as class counsel for all purposes;

11      4.      For compensatory damages in an amount according to proof with interest
12  thereon;

13      5.      For economic and/or special damages in an amount according to proof with
14  interest thereon;

15      6.      For reasonable attorneys' fees, costs of suit and interest to the extent permitted
16  by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and
17  1194;

18      7.      For statutory penalties to the extent permitted by law, including those pursuant
19  to the Labor Code and IWC Wage Orders;

20      8.      For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

21      9.      For an order requiring Defendants to restore and disgorge all funds to each
22  employee acquired by means of any act or practice declared by this Court to be unlawful, unfair
23  or fraudulent and, therefore, constituting unfair competition under Business and Professions
24  Code §§ 17200, *et seq.*;

25      10.     For an award of damages in the amount of unpaid compensation including, but
26  not limited to, unpaid wages, benefits and penalties, including interest thereon;

27      11.     For pre-judgment interest; and

28      12.     For such other relief as the Court deems just and proper.

-17-

Dated: April 13, 2022                    **Lebe Law, APLC**

By: _____
                                     Jonathan M. Lebe
                                     Zachary T. Gershman
                                     Shigufa K. Saleheen
                                     Attorney for Plaintiff Kris Guerra,
                                     Individually and on behalf of all others similarly
                                     situated

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: April 13, 2022                    **Lebe Law, APLC**

By: _____
                                     Jonathan M. Lebe
                                     Zachary T. Gershman
                                     Shigufa K. Saleheen
                                     Attorney for Plaintiff Kris Guerra,
                                     Individually and on behalf of all others similarly
                                     situated

-18-

1  Jonathan M. Lebe (SBN 284605)
   Jon@lebelaw.com
2  Zachary Gershman (SBN 328004)
   Zachary@lebelaw.com
3  Shigufa Saleheen (SBN 341013)
   Shigufa@lebelaw.com
4  **Lebe Law, APLC**
   777 South Alameda Street, 2nd Floor
5  Los Angeles, CA 90021
   Tel: (213) 358-7046
6  Fax: (310) 820-1258

7
   Attorney for Plaintiff Kris Guerra,
8  individually and on behalf of all others similarly situated

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 4/19/2022 2:03 PM
Reviewed By: R. Walker
Case #22CV396906
Envelope: 8785528**

9

10                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                      **FOR THE COUNTY OF SANTA CLARA**

12  Kris Guerra, individually and on behalf of      Case No.: 220V396906
    all others similarly situated,
13                                                  **PLAINTIFF KRIS GUERRA'S NOTICE OF
                Plaintiff,                          ERRATA REGARDING PLAINTIFF'S
14                                                  CLASS ACTION COMPLAINT**

15          v.                                      Action Filed:  April 15, 2022
                                                    Trial Date:    Not Set
16  Pharmaca Integrative Pharmacy, Inc.; and
    Does 1 through 20, inclusive,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

---

                                            1

**TO THE HONORABLE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that Plaintiff's previously-filed class action complaint had a typographical error that mistakenly referred to the Superior Court for the State of California for the County of Los Angeles in the caption page.  Attached hereto as **Exhibit A** is a corrected version of Plaintiff's class action complaint.

Dated:  April 19, 2022                    **Lebe Law, APLC**

By:    _____
       JONATHAN M. LEBE

Attorney for Plaintiff Kris Guerra,
individually and on behalf of all others similarly situated

**PLAINTIFF KRIS GUERRA'S NOTICE OF ERRATA**

# EXHIBIT A

1   Jonathan M. Lebe (State Bar No. 284605)
    Jon@lebelaw.com
2   Zachary T. Gershman (State Bar No. 328004)
    Zachary@lebelaw.com
3   Shigufa K. Saleheen (State Bar No. 341013)
    Shigufa@lebelaw.com
4   **LEBE LAW, APLC**
    777 S. Alameda Street, Second Floor
5   Los Angeles, CA 90021
    Telephone: (213) 444-1973
6

7   Attorneys for Plaintiff Kris Guerra,
    individually and on behalf of all others similarly situated
8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| Kris Guerra, individually and on behalf of all others similarly situated, | Case No.: 220V396906 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1. **Failure to Pay Minimum Wages;** |
| | 2. **Failure to Pay Overtime Wages;** |
| Pharmaca Integrative Pharmacy, Inc.; and Does 1 through 20, inclusive, | 3. **Failure to Provide Meal Periods;** |
| | 4. **Failure to Permit Rest Breaks;** |
| Defendant. | 5. **Failure to Provide Accurate Itemized Wage Statements;** |
| | 6. **Failure to Reimburse All Business Expenses;** |
| | 7. **Failure to Pay All Wages Due Upon Termination/Separation of Employment;** |
| | 8. **Violation of Business and Professions Code §§ 17200, *et seq*.; and** |
| | 9. **Failure to Timely Produce all Personnel Records** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Kris Guerra, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff Kris Guerra ("Plaintiff") brings this putative class action against defendant Pharmaca Integrative Pharmacy, Inc., and DOES 1 through 20, inclusive ("Defendant"), on behalf of himself individually and a putative class of other non-exempt employees employed by Defendant.

2.      Defendant operates a chain of pharmacies across the United States, with 16 locations in California.

3.      Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant has increased their profits by violating state wage and hour laws by, among other things:

   (a) Failing to pay minimum wages;

   (b) Failing to pay overtime wages;

   (c) Failing to provide meal periods or compensation in lieu thereof;

   (d) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

   (e) Failing to provide accurate itemized wage statements;

   (f) Failing to reimburse for all business expenses;

   (g) Failing to pay all wages due upon termination/separation of employment; and

   (h) Failing to produce all employment records upon request.

5.      Defendants maintained and enforced against the class the following unlawful practices and policies, in violation of California state wage and hour laws:

   (a) Since approximately March of 2020, Defendant's forced class members to submit to unpaid health screenings and temperature checks prior to their shifts.

-1-

CLASS ACTION COMPLAINT

(b) Although class members were under Defendant's control while waiting for and undergoing these health screenings, Defendant did not compensate class members for this time worked.

(c) Defendant more generally failed to provide meal and rest in violation of California law.  Based on the lack of proper coverage within store locations, Defendants' requirements to be responsive to communication devices, and the necessity to be available to assist incoming customers, Plaintiff and Class Members were not able to take required off-duty meal periods during their shifts.  Further, when Class Members suffered meal and rest period violations, Defendant failed to pay an additional hour of pay at the regular rate of pay to Class Members.

(d) Defendant failed to reimburse Plaintiff and class members for all business expenses, including but not limited to the use of their personal cell phones for business related duties.

(e) Defendant failed to pay the proper overtime rate by failing to include shift premiums and differentials, bonuses, and other incentive payments in calculating Class Members' overtime and doubletime rates (in violation of Labor Code Sections 510, 1194, and 1198).  Defendant also failed to pay Class Members' overtime wages for all overtime hours worked when they required them to work off-the-clock.

(f) Defendant failed to reimburse Plaintiff and Class Members for the use of their personal cell phone for work-related duties, as well as for all reasonable, business-related automobile expenses.

6.      Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1198.

///

## JURISDICTION AND VENUE

7.      This is a class action, pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

8.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

9.      This Court has jurisdiction over all Defendant because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.  Moreover, the "amount in controversy" for the named Plaintiff including, but not limited to, claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than $75,000.

10.      Venue is proper in this Court because, upon information and belief, Defendant transacts business, has stores/offices in this county, and acts and omissions alleged herein took place in this county.  Further, Defendant failed to file and obtain a certificate of qualification and designate its principal place of business in California.  As a foreign corporation that is not qualified to do business in California, it may be sued in any county in the state.  *Easton v. Superior Court*, 12 CA3d 243, 90 CR 642 (1970).

## THE PARTIES

11.      Plaintiff is a citizen of California.  Plaintiff was employed by Defendant during the Class Period in California.

12.      Plaintiff is informed and believes, and thereon alleges, that Defendant at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

-3-

1     13.     Plaintiff is unaware of the true names or capacities of the defendants sued herein

2     under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

3     Complaint and serve such fictitiously named defendants once their names and capacities

4     become known.

5                              **CLASS ACTION ALLEGATIONS**

6     14.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

7     himself and all others similarly situated who were affected by Defendants' Labor Code,

8     Business and Professions Code §§ 17200 and IWC Wage Order violations.

9     15.     All claims alleged herein arise under California law for which Plaintiff seeks

10    relief authorized by California law.

11    16.     Plaintiff's proposed Class consists of and is defined as follows:

12         Class
           All current and former non-exempt employees who worked for
13         Defendants in the State of California from four years and 179 days
           preceding the filing of to the date of trial.[1]
14

15    17.     Members of the Class will be collectively referred to as "class members."

16    Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or

17    Subclass definition, as appropriate based on investigation, discovery and specific theories of

18    liability.

19    18.     This action has been brought and may properly be maintained as a class action

20    under the California Code of Civil Procedure § 382 because there are common questions of law

21    and fact as to the Class that predominate over questions affecting only individual members

22    including, but not limited to:

23         (a)  Whether Defendant failed to compensate Plaintiff and class members to work off-

24              the-clock, resulting in a failure to pay all minimum wages and overtime wages;

25         (b)  Whether Defendant deprived Plaintiff and class members of compliant meal

26    _____

27    [1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I,
      Emergency Rule No. 9.
28

-4-

periods or required Plaintiff and class members to work through meal periods without compensation;

(c) Whether Defendants deprived Plaintiff and class members of compliant rest breaks;

(d) Whether Defendant failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

(e) Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements;

(f) Whether Defendants failed to reimburse Plaintiff and class members for necessary business expenses incurred during the discharge of their duties for Defendant; and

(g) Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

19.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)    Numerosity: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)    Adequacy: Plaintiff is qualified to, and will fairly and adequately represent

-5-

1   and protect the interests of all members of the Class because it is in his best

2   interest to prosecute the claims alleged herein to obtain full compensation

3   and penalties due to him and the Class.  Plaintiff's attorneys, as proposed

4   class counsel, are competent and experienced in litigating large

5   employment class actions and are versed in the rules governing class action

6   discovery, certification and settlement.  Plaintiff has incurred and,

7   throughout the duration of this action, will continue to incur attorneys' fees

8   and costs that have been and will be necessarily expended for the

9   prosecution of this action for the substantial benefit of each class member.

10  (d)   Superiority: The nature of this action makes the use of class action

11  adjudication superior to other methods.  A class action will achieve

12  economies of time, effort and expense as compared with separate lawsuits,

13  and will avoid inconsistent outcomes because the same issues can be

14  adjudicated in the same manner and at the same time for each Class.  If

15  appropriate this Court can, and is empowered to, fashion methods to

16  efficiently manage this case as a class action.

17  (e)   Public Policy Considerations:  Employers in the State of California and

18  other states violate employment and labor laws every day.  Current

19  employees are often afraid to assert their rights out of fear of direct or

20  indirect retaliation.  Former employees are fearful of bringing actions

21  because they believe their former employers might damage their future

22  endeavors through negative references and/or other means.  Class actions

23  provide the class members who are not named in the complaint with a

24  type of anonymity that allows for the vindication of their rights at the

25  same time as affording them privacy protections.

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)**

20.     Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

21.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

22.     During the relevant time period, Defendants paid Plaintiff and class members less than minimum wages when, for example, Defendants required Plaintiff and class members to work off-the-clock during meal breaks and during health screenings when Plaintiff and class members were under Defendants' control.  To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and class members were not being paid at least minimum wage for their work.

23.     During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

24.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees.

25.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

///

///

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order)

26.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

27.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

28.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with doubletime after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

29.     Plaintiff and class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

30.     In violation of state law, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiff and class members for all wages earned as alleged above.

31.     Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime and doubletime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

32.     Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid overtime and doubletime compensation as well as interest, costs and attorneys' fees.

///

///

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)

33.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

34.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

35.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

36.     Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

37.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

38.     During the relevant time period, Plaintiff and class members did not receive compliant meal periods for each five hours worked per day as a result of, among other things, lack of proper coverage during these employees' shifts.  Defendants have also required class members to be "on duty" during meal and rest periods such that they have not been provided with legally compliant meal and rest periods under California law.  Finally, Defendants also routinely failed to provide Plaintiff and class members with a second, off-the-clock meal break

-9-

1  for shifts lasting longer than ten hours.

2      39.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

3  an employer to pay an employee one additional hour of pay at the employee's regular rate of

4  compensation for each work day that a meal period is not provided.

5      40.    At all relevant times, Defendants failed to pay Plaintiff and class members all

6  meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and

7  section 11 of the applicable IWC Wage Order.

8      41.    As a result of Defendants' failure to pay Plaintiff and class members an

9  additional hour of pay for each day a meal period was not provided, Plaintiff and class members

10  suffered and continue to suffer a loss of wages and compensation.

11                          **FOURTH CAUSE OF ACTION**

12                        **FAILURE TO PERMIT REST BREAKS**

13          **(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)**

14      42.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

15  though fully set forth herein.

16      43.    Labor Code § 226.7(a) provides that no employer shall require an employee to

17  work during any rest period mandated by the IWC Wage Orders.

18      44.    Section 12 of the applicable IWC Wage Order states "every employer shall

19  authorize and permit all employees to take rest periods, which insofar as practicable shall be in

20  the middle of each work period" and the "authorized rest period time shall be based on the total

21  hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

22  fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

23      45.    During the relevant time period, Plaintiff and class members did not receive a ten

24  (10) minute rest period for every four (4) hours or major fraction thereof worked.

25      46.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

26  requires an employer to pay an employee one additional hour of pay at the employee's regular

27  rate of compensation for each workday that the rest period is not provided.

28      47.    At all relevant times, Defendants failed to pay Plaintiff and class members all

1    rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and

2    section 12 of the applicable IWC Wage Order.

3        48.    As a result of Defendants' failure to pay Plaintiff and class members an

4    additional hour of pay for each day a rest period was not provided, Plaintiff and class members

5    suffered and continue to suffer a loss of wages and compensation.

6                                    **FIFTH CAUSE OF ACTION**

7            **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

8                    **(Violation of Labor Code § 226; Violation of IWC Wage Order)**

9        49.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

10   though fully set forth herein.

11       50.    Labor Code § 226(a) requires Defendants to provide each employee with an

12   accurate wage statement in writing showing nine pieces of information, including: (1) gross

13   wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

14   earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

15   deductions, provided that all deductions made on written orders of the employee may be

16   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period

17   for which the employee is paid, (7) the name of the employee and the last four digits of his or

18   her social security number or an employee identification number other than a social security

19   number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

20   hourly rates in effect during the pay period and the corresponding number of hours worked at

21   each hourly rate by the employee.

22       51.    During the relevant time period, Defendants have knowingly and intentionally

23   failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

24   and class members.  The deficiencies include, among other things, the failure to correctly state

25   the gross and net wages earned, accurate inclusive dates of the pay period, and all applicable

26   hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class

27   members.

28       52.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

-11-

and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

53.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

54.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants.  As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

55.    Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

### (Violation of Labor Code §§ 2800, 2802, and the Applicable IWC Wage Order § 9)

56.    Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

-12-

57.     Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

58.     Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

59.     Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

60.     The Applicable IWC Wage Order § 9 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . ."

61.     California Labor Code section 2804 mandates that this statutory right cannot be waived.

62.     During the relevant time period, Defendant was required to indemnify and reimburse Plaintiff and members of the Plaintiff Class for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and members of the Plaintiff Class.

63.     As a direct and proximate result, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial. For example, Defendant has failed to reimburse Plaintiff and class members for all reasonable, business-related automobile expenses, as well as the use of their personal cell phones for work-related duties.

64.     Accordingly, Plaintiff and members of the Plaintiff Class are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this

-13-

1    Court may deem just and proper. *See* Cal. Lab. Code § 2802, *see also*, Cal. Civ. Proc. Code §
2    1021.5.

3         65.    Plaintiff, on behalf of himself and members of the Plaintiff Class, requests relief
4    as described below.

5    **SEVENTH CAUSE OF ACTION**

6    **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION/SEPARATION OF**
7    **EMPLOYMENT AND WITHIN THE REQUIRED TIME**

8    **(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

9         66.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
10   though fully set forth herein.

11        67.    California Labor Code §§ 201 and 202 provide that if an employer discharges an
12   employee, the wages earned and unpaid at the time of discharge are due and payable
13   immediately, and that if an employee voluntarily leaves his employment, his wages shall
14   become due and payable not later than seventy-two (72) hours thereafter, unless the employee
15   has given seventy-two (72) hours previous notice of his intention to quit, in which case the
16   employee is entitled to his wages at the time of quitting.

17        68.    During the relevant time period, Defendants willfully failed to pay Plaintiff and
18   class members all their earned wages upon termination including, but not limited to, proper
19   minimum wages, Reporting Time Pay, and overtime and doubletime compensation, either at
20   the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

21        69.    Defendants' failure to pay Plaintiff and class members all their earned wages at
22   the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is
23   in violation of Labor Code §§ 201 and 202.

24        70.    California Labor Code § 203 provides that if an employer willfully fails to pay
25   wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201
26   and 202, then the wages of the employee shall continue as a penalty from the due date at the
27   same rate until paid or until an action is commenced; but the wages shall not continue for more
28   than thirty (30) days.

-14-

71.     Plaintiff and class members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and class members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

74.     Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

75.     A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

76.     Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay all minimum wages owed to Plaintiff and class members in violation of Labor Code §§ 1194.2, and 1197;

(b)     Failing to pay all overtime wages to Plaintiff and class members in violation of Labor Code §§ 510, 1194 and 1198;

(c)     Failing to provide timely meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(d)     Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

CLASS ACTION COMPLAINT

1       (e)    Failing to provide Plaintiff and class members with accurate itemized wage

2 statements in violation of Labor Code § 226; and

3       (e)    Failing to timely pay all earned wages to Plaintiff and class members upon

4 termination/separation of employment in violation of Labor Code §§ 201, 202 and 203.

5       77.    Defendants intentionally avoided paying Plaintiff and class members' wages and

6 monies, thereby creating for Defendants an artificially lower cost of doing business in order to

7 undercut their competitors and establish and gain a greater foothold in the marketplace.

8       78.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class

9 members are entitled to restitution of the wages unlawfully withheld and retained by

10 Defendants during a period that commences four years prior to the filing of the Complaint; an

11 award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable

12 laws; and an award of costs.

13 **NINTH CAUSE OF ACTION**

14 **FAILURE TO TIMELY PRODUCE ALL PERSONNEL RECORDS**

15       79.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

16 though fully set forth herein.

17       80.    An employee's personnel records must be produced to the employee no later than

18 thirty calendar days after receiving a written request from the employee. (Labor Code §

19 1198.5(b)(1).)

20       81.    Employers must keep copies an employee's wage statements in the employee's

21 personnel file. (Labor Code § 226(a).)

22       82.    Employers who fail to timely produce the personnel records of a current or former

23 employee are subject to a $750 penalty recoverable by the aggrieved employee. (Labor Code §

24 1198.5(k).)

25       83.    Employees may bring an action for relief to obtain compliance with Labor Code §

26 1198.5 and may recover costs and reasonable attorney's fees in that action. (Labor Code §

27 1198.5(l).)

28       84.    On or about January 12, 2022, Plaintiff requested, through his counsel, his

-16-

personnel records and wage statements from Defendants.  Defendants never produced to Plaintiff her personnel records and wage statements within thirty days of Plaintiff's request.

85.    As a result, Plaintiff, individually, requests relief as described below.

## **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.    For appointment of Kris Guerra as the class representatives;

3.    For appointment of Lebe Law, APLC as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof with interest thereon;

5.    For economic and/or special damages in an amount according to proof with interest thereon;

6.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

7.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

10.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.    For pre-judgment interest; and

///

-17-

1    12.    For such other relief as the Court deems just and proper.

2

3    Dated: April 15, 2022                    **Lebe Law, APLC**

4                                   By: _____

5                                        Jonathan M. Lebe
                                         Zachary T. Gershman
6                                        Shigufa K. Saleheen
                                         Attorney for Plaintiff Kris Guerra,
7                                   Individually and on behalf of all others similarly
                                                        situated
8

9

10                          **<u>DEMAND FOR JURY TRIAL</u>**

11        Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

12

13   Dated: April 15, 2022                    **Lebe Law, APLC**

14                                   By: _____

15                                        Jonathan M. Lebe
                                         Zachary T. Gershman
16                                       Shigufa K. Saleheen
                                         Attorney for Plaintiff Kris Guerra,
17                                  Individually and on behalf of all others similarly
                                                        situated
18

19

20

21

22

23

24

25

26

27

28

-18-

CLASS ACTION COMPLAINT

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _____

22CV396906

## PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:**  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):**  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  *You may ask to appear by telephone – see Local Civil Rule 8.*

---

Hon. Sunil R. Kulkarni                    1

**Your Case Management Judge is:** _____ **Department:** _____

The **1st CMC is scheduled for:**  (Completed by Clerk of Court)
08/25/22                    2:30 pm                    1
**Date:** _____ **Time:** _____ in **Department**: _____

The **next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
**Date:** _____ **Time:** _____ in **Department**: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### *What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### *What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### *What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
### CIVIL DIVISION

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

### *Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

Exhibit B

Eric J. Gitig (SBN 307547)
Eric.Gitig@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Kevin Ha (State Bar No. 322252)
Kevin.Ha@jacksonlewis.com
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401

Attorneys for Defendant
PHARMACA INTEGRATIVE
PHARMACY, INC.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/1/2022 5:19 PM
Reviewed By: R. Walker
Case #22CV396906
Envelope: 9118761**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| KRIS GUERRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHARMACA INTEGRATIVE PHARMACY, INC.; and Does 1 through 20, inclusive,<br><br>Defendant. | Case No. 22CV396906<br><br>**DEFENDANT PHARMACA INTEGRATIVE PHARMACY, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   April 15, 2022<br>Trial Date:         Not Set |

Defendant PHARMACA INTEGRATIVE PHARMACY, INC. ("Defendant") hereby answers the unverified complaint ("Complaint") filed by Plaintiff KRIS GUERRA ("Plaintiff") as follows:

### <u>GENERAL DENIAL</u>

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every allegation set forth in Plaintiff's Complaint. Defendant further denies that Plaintiff and/or any member of the class he purports to represent are entitled to any of the relief requested therein. Defendant denies that Defendant is guilty of any wrongful conduct or

1

1   omission, whether alleged or otherwise, and denies that any conduct or omission of Defendant

2   caused any injury or damage to Plaintiff and/or any member of the class he purports to represent

3   in the amount alleged, an amount to be alleged, or otherwise.

4   **AFFIRMATIVE DEFENSES**

5   Defendant hereby states the following defenses to the Complaint but does not assume the

6   burden of proof on any such defense except as required by applicable law.  Defendant reserves

7   the right to assert additional defenses or otherwise supplement this Answer upon discovery of

8   facts or evidence rendering such action appropriate.

9   **FIRST AFFIRMATIVE DEFENSE**

10   *Arbitration*

11   The Complaint, and each purported cause of action contained therein, is barred because

12   Plaintiff's claims and the claims of the putative class members are subject to mandatory, binding

13   arbitration under the arbitration agreement Plaintiff and/or the purported class members signed in

14   connection with their employment with Defendant.

15   **SECOND AFFIRMATIVE DEFENSE**

16   *Statutes of Limitations*

17   Plaintiff's claims are barred, in whole or in part, to the extent the cause of action falls outside

18   the applicable statute of limitations, including but not limited to California Code of Civil Procedure

19   §§ 337, 338(a), 339, 340(a), 343, California Business & Professions Code §§ 17200 and 17208, and

20   California Labor Code §§ 203(b), 210, and any other administrative regulation or requirement.

21   **THIRD AFFIRMATIVE DEFENSE**

22   *Wage Statements - Absence of Knowing / Intentional Violation*

23   Defendant alleges that, even assuming *arguendo* Plaintiff and/or putative class members

24   were not provided with a proper itemized statement of wages and deductions, a recovery of

25   damages or penalties is not permitted because Defendant's alleged failure to comply with

26   California Labor Code § 226(a) was not a "knowing and intentional failure."

27   ///

28   ///

2

1

### FOURTH AFFIRMATIVE DEFENSE

2

*Wage Statements – No Injury*

3       Defendant alleges that, even assuming *arguendo* Plaintiff and/or putative class members

4 were not provided with a proper itemized statement of wages and deductions, a recovery of

5 damages or penalties is not permitted because she did not suffer any injury.

6

### FIFTH AFFIRMATIVE DEFENSE

7

*No Willful Violation / Good Faith Dispute*

8       To the extent Plaintiff and the purported class seek penalties for any alleged willful

9 failure to comply with the requirements of the California Labor Code, including but not limited

10 to Labor Code section § 203, such penalties are barred because Defendant did not willfully

11 violate any provision of the California Labor Code, and good faith disputes exist concerning any

12 alleged violation.

13

### SIXTH AFFIRMATIVE DEFENSE

14

*Adequate Remedy at Law*

15       Plaintiff and the purported class are not entitled to a recovery of equitable relief,

16 including any relief requested pursuant to California Business and Professions Code §§ 17200 *et*

17 *seq*. because of the existence of an adequate remedy at law.

18

### SEVENTH AFFIRMATIVE DEFENSE

19

*No Standing*

20       Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing as a

21 representative of the purported class and does not and cannot adequately represent the putative

22 class members as to some or all claims.

23

### EIGHTH AFFIRMATIVE DEFENSE

24

*Accord, Satisfaction, and Payment*

25       Plaintiff's claims and the claims of the purported class are barred, in whole or in part, by

26 the principles of accord and satisfaction, and payment.

27 ///

28 ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH AFFIRMATIVE DEFENSE**

*Equitable Doctrines*

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver and release, estoppel, and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

*Not Suffered or Permitted to Work*

The Complaint, as a whole, and every cause of action alleged therein, fails because Plaintiff and the purported class were not suffered or permitted to work during any time for which they allegedly were not paid the appropriate wage rate, including the proper minimum, straight, or overtime rates.

**ELEVENTH AFFIRMATIVE DEFENSE**

*Voluntary Waiver of Meal and Rest Periods*

Plaintiff's and the putative class members' causes of action for failure to provide meal and rest periods are barred, in whole or in part, because Defendant provided meal and rest periods in compliance with California law; and, are barred to the extent that Plaintiff and the purported class voluntarily waived meal and rest periods as allowed by the relevant provisions of the IWC Wage Orders.

**TWELFTH AFFIRMATIVE DEFENSE**

*Waiver and Release*

Some or all of Plaintiff's claims, and the claims of the purported class, are barred, in whole or in part, to the extent such claims have been waived, discharged, and/or abandoned, including but not limited to in the matter entitled *Matthew Bucur v. Pharmaca Integrative Pharmacy, Inc.*, Superior Court of the State of California, County of San Diego, Case No. 37-2019-00009409-CU-OE-CTL.

**THIRTEENTH AFFIRMATIVE DEFENSE**

*Failure to State a Cause of Action*

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

*Avoidable Consequences / Failure to Mitigate*

3      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is

4  barred, in whole or in part, to the extent Plaintiff and the alleged putative class members could

5  have corrected any errors in their compensation by reporting them so that Defendant could

6  correct them promptly and/or failed to mitigate their alleged damages.  *State Dept. of Health*

7  *Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

8

**FIFTEENTH AFFIRMATIVE DEFENSE**

9

*Offset*

10      Defendant is entitled to an offset for amounts that Plaintiff and/or the allege putative class

11  members owe Defendant for receipt of any compensation and other benefits to which they were

12  not entitled and/or did not earn.

13

**SIXTEENTH AFFIRMATIVE DEFENSE**

14

*Payment of Wages*

15      Plaintiff's claims and the putative class members' claims are barred in whole or in part

16  because Plaintiff and the putative class members received proper payment for all hours worked.

17

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18

*Failure to Comply with Reasonable Directions*

19      Plaintiff's claims and the putative class members' claims are barred in whole or in part

20  under California Labor Code Section 2854 and 2856 to the extent Plaintiff and the putative class

21  members failed to use ordinary care and diligence in the performance of their duties and failed to

22  comply substantially with the reasonable directions of Defendant.

23

**EIGHTEENTH AFFIRMATIVE DEFENSE**

24

*No Jury Trial*

25      Plaintiff and putative class members are not entitled to a jury trial in connection with their

26  claims under the California Business and Professions Code section 17200, *et seq.*, and instead must

27  adjudicate their claims by way of a bench trial.  *See Nationwide Biweekly Administration, Inc. v.*

28  *Superior Court* (2020) 9 Cal. 5th 279; *Hodge v. Sup. Ct.* (2006) 145 Cal. App. 4th 278.

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

*No Right to Attorney's Fees*

3      The Complaint is barred, in whole or in part, because Plaintiff fails to state a cause or

4  causes of action for attorneys' fees against Defendant.

5

## RESERVATION OF DEFENSES

6      Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully

7  anticipate all defenses that may be applicable to this action.  Accordingly, Defendant reserves its

8  right to amend or assert additional affirmative defenses, if and to the extent such defenses are

9  applicable and may become known.

10      WHEREFORE, Defendant prays for judgment as follows:

11      1.      That Plaintiff take nothing by the Complaint;

12      2.      That the Complaint be dismissed in its entirety with prejudice;

13      3.      That Plaintiff be denied each and every demand and prayer for relief contained in

14  the Complaint;

15      4.      For cost of suits incurred herein, including reasonable attorneys' fees; and

16      5.      For such other and further relief as the Court deems just and equitable.

17

18  Dated:  June 1, 2022                              JACKSON LEWIS P.C.

19

20                                          By:  _____

21                                                Eric J. Gitig
                                                Kevin Ha

22                                                Attorneys for Defendant
                                                PHARMACA INTEGRATIVE
23                                                PHARMACY, INC.

24

25

26

27  4872-6189-6739, v. 2

28

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT          Case No. 22CV396906

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PROOF OF SERVICE</u>**

I, Suddie E. Scott, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On June 1, 2022, I served the attached **DEFENDANT PHARMACA INTEGRATIVE PHARMACY, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Jonathan M. Lebe | Attorney for Plaintiff |
| Jon@lebelaw.com | |
| Zachary T. Gershman | KRIS GUERRA |
| Zachary@lebelaw.com | |
| Shigufa K. Saleheen | |
| Shigufa@lebelaw.com | |
| LEBE LAW, APLC | |
| 777 S. Alameda Street, Second Floor | |
| Los Angele, CA 90021 | |
| Telephone: (213) 444-1973 | |

☒  <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Jose, California.

☒  <u>BY ELECTRONIC MAIL</u>:  I transmitted said document by electronic mail from suddie.scott@jacksonlewis.com to the e-mail addresses indicated above.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on June 1, 2022, at San Francisco, California.

*Suddie E. Scott*

_____

Suddie E. Scott

4860-8664-1699, v. 1

Proof of Service

Case No. 22CV396906